United States District Court
Southern District of Texas
**ENTERED**
October 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOYDA ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01933 |
| | § | |
| NES GLOBAL LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

In its August 11 Order ("the Order"), the Court granted Plaintiff Loyda Alvarez's Motion for Certification of a collective action under the Fair Labor Standards Act ("FLSA"). It ordered notice to members of the proposed collective according to the timeline and methods proposed by Plaintiff.

Before notice was to issue, Defendant NES Global, LLC ("NES") moved for reconsideration of the Order and requested a stay of this case pending the *en banc* Fifth Circuit's decision in *Hewitt v. Helix Energy Sols. Grp., Inc.*, Case No. 19-20023. In the alternative, Defendant sought certification of interlocutory appeal of the Order.

On September 2, the Court granted Defendant's Motion to Stay. It ordered a stay of this case pending *Hewitt* and equitable tolling of Plaintiff's claims during the pendency of the stay. The Fifth Circuit issued a decision in the case shortly thereafter. *See Hewitt*, No. 19-20023, 2021 WL 4099598 (5th Cir. Sept. 9, 2021). Plaintiff now requests that the Court lift the stay on the issuance of notice to members of the proposed collective. Meanwhile, Defendant continues to assert other grounds for reconsideration that were not addressed in *Hewitt*.

1 / 7

For the reasons stated below, the Court **DENIES** the Motion for Reconsideration and request for certification of interlocutory appeal. It further **ORDERS** that the stay is lifted and provides a revised timeline for issuance of notice to potential collective action members.

## I.    MOTION FOR RECONSIDERATION

"A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e)." *Ekhlassi v. Nat'l Lloyds Ins. Co.*, No. CV H-17-1257, 2018 WL 1316742, at *1 (S.D. Tex. Mar. 14, 2018) (Rosenthal, C.J.). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Courts consider two "important judicial imperatives" in deciding a Rule 59(e) motion: (1) "the need to bring litigation to an end[,] and (2) the need to render just decisions on the basis of *all* the facts." *Luig v. N. Bay. Enters., Inc.*, 817 F.3d 901, 907 (5th Cir. 2016) (emphasis in original). The Rule 59(e) standards "favor denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Courts can also consider a motion for reconsideration as a Rule 60(b) motion for relief from judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Under Rule 60(b), the court may relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The 'mistake' referred to in the rule can apply to the court's own error." *Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884, 887 (5th

Cir. 2004). Rule 60(b) is to be "liberally construed in order to do substantial justice," though "final judgments should [not] be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (quotation and citation omitted).

Defendant NES seeks reconsideration on three bases. First, it argues that the Court misapplied the certification standard the Fifth Circuit recently set forth in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021). Second, Defendant asserts that the Court misinterpreted the Sixth Circuit's decision in *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017). Third, NES argues that opt-in Plaintiff Jeremy Hippler was not a proper member of the proposed collective, since he was paid on an hourly, rather than daily, basis.

## A.  Alleged Misapplication of Certification Standard

Defendant argues that the Court erred by certifying the collective action "with the understanding that later developments in the case . . . may make relevant individual differences among the members of the proposed collective that [were not relevant at the time of certification]." Doc. 49 at 8-9 n. 3. Defendant compares the Court's course of action to the *Lusardi* two-step approach to certification recently rejected by the Fifth Circuit in *Swales*.

The Court disagrees with Defendant's contention that the Court's Order was effectively an application of the rejected *Lusardi* approach to certification. That approach applies differing levels of scrutiny at each step, including the lenient, step-one "conditional certification." Here, on the other hand, the Court rigorously applied the "similarly situated" standard at the initial stage based on existing authority. Moreover, the Fifth Circuit's holding in *Hewitt* supports the Court's previous conclusion that members are "similarly situated" within the meaning of FLSA because the salary basis component (including the reasonable relationship test) of NES's HCE defense can be decided collectively. *See* No. 19-20023, 2021 WL 4099598, at *2 ("As a matter

of plain text, we hold that, when it comes to daily-rate employees like Hewitt, Helix must comply with § 541.604(b).").

NES additionally argues that the Court inappropriately addressed the merits of the underlying case by adopting the view that the reasonable relationship test, *see* 29 C.F.R. § 541.604(b), applies to the highly compensated employee ("HCE") function.[1] In fact, NES asserts, the reasonable relationship test does not apply to the HCE exemption. NES's argument is now moot, as the Fifth Circuit definitively resolved this issue in line with this Court's view.

### B.  Alleged Misinterpretation of Hughes

Additionally, Defendant argues that the Court erred in its reading and application of the Sixth Circuit's decision in *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017). It takes issue with the Court's observation in the Order "that the Sixth Circuit has answered th[e] question [whether the reasonable relationship test applies to the HCE exemption] in the affirmative." Plaintiff does not appear to specifically address this issue in her Reply. Regardless, again, the Fifth Circuit has answered this question against Defendant's position. *See* No. 19-20023, 2021 WL 4099598, at *5 (discussing *Hughes*).

### C.  Alleged Mistake in Including Jeremy Hippler in the Proposed Collective

Defendant argues that Plaintiff's counsel misrepresented Jeremy Hippler's payment structure. Providing timecards and paystubs, Defendant claims that Mr. Hippler was paid on an

---

[1] The Court held in the Order that, to prove its defense that "Plaintiff and each potential class member satisfied . . . the highly compensated employee exemption[,]" NES needs to show that plaintiffs:

> (a) were paid according to a <u>salary basis</u>, which in turn will require (i) a showing that the employment arrangement included a guarantee of a minimum weekly required amount, and (ii) that the minimum amount bears a <u>reasonable relationship to the amount actually earned</u>, and
> (b) performed at least one of the duties of an executive, administrative, or professional employee.

Doc. 49 at 7-8 (emphasis added).

hourly—rather than daily—basis and thus does not fall within the proposed collective of day-rate workers. Moreover, Defendant points out that Mr. Hippler has also filed a Notice of Consent in the *Richardson* lawsuit filed against NES, where Chief Judge Rosenthal has certified a collective action class of NES employees compensated on an *hourly* basis.

Plaintiff responds that in nearly every workday (with only one exception), Hippler was either paid a $1,400 day rate, or paid an improper half-day deduction at $700; *see also* Summary of Alvarez's Payroll Records and Timesheets, Doc. 18, Exh. 8 (evidencing three examples of half-day deductions, similar to Hippler, and one example of a quarter-day deduction).

Both Plaintiff and Defendant raise valid points. As Plaintiff states, Hippler was generally paid for twelve hours a day, and sometimes six. The consistency and roundness of these numbers may suggest that Hippler is regularly paid for 12-hour days, with a sprinkling of half-days. On the other hand, the Court acknowledges that Mr. Hippler is now within both daily *and* hourly-rate collective actions against NES. While the Court declines to rule on this issue now, it may not be appropriate for Mr. Hippler to belong to both collective actions. In any event, the Court will not reconsider the entire case based on a single (potential) plaintiff who may or may not belong in the collective. If necessary, the Court can address the appropriateness of Mr. Hippler's membership in this collective upon the filing of a separate motion.

Because Defendant's arguments are unavailing, the Court **DENIES** its Motion for Reconsideration.

## II.    Request for Certification of Interlocutory Appeal

Moreover, Defendant seeks certification of interlocutory appeal of the Order on the basis that the Court misapplied the standard recently announced in *Swales*. Defendant also requests that the Court enter an emergency stay while NES seeks appellate relief because, without a stay, any

review of the Order will become moot once NES discloses the names, addresses, e-mail addresses, and phone numbers of all members of the proposed class.

Section 1292(b) permits a district court to certify an otherwise non-appealable order if the court believes the order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Whether to permit such an appeal is within the district court's discretion. 28 U.S.C. § 1292(b). The Fifth Circuit "adhere[s] to a strict interpretation of § 1292(b)." *Alabama Lab. Council, AFL-CIO, Pub. Emp. Union, Loc. No. 1279 v. State of Ala.*, 453 F.2d 922, 924 (5th Cir. 1972). All of 1292(b)'s criteria must be satisfied before a district court may certify an order for interlocutory appeal. *Adhikari v. Daoud & Partners*, Civ. A. No. 09-cv-1237, 2010 WL 744237, at *2 (S.D. Tex. Mar. 2, 2010). And even if the criteria are met, a district court may exercise its discretion to deny certification of an interlocutory appeal. *See*, *e.g.*, *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (noting that a district court need not certify an interlocutory order for appeal even where the statutory criteria are met).

The Court finds that the subject of the potential appeal—seeking clarification on proper application of *Swales*—does not involve a controlling question of law as to which there is substantial ground for difference of opinion. As discussed above, the Court concludes that it properly applied *Swales*. Therefore, the Court **DENIES** Defendant's request for certification of interlocutory appeal.

### III.     Stay of Court-Ordered Notice

The Fifth Circuit issued its decision in *Hewitt*, and the Court now denies Defendant's Motion for Reconsideration and request for interlocutory appeal. Thus, there is no basis for maintaining a stay of this case. The Court **ORDERS** that the stay is lifted and that notice to potential members of the collective should issue per the following timeline:

- October 11, 2021: Defendant discloses names, addresses, e-mail addresses, and phone numbers.

- October 20, 2021: Plaintiff sends notice by mail, e-mail, and text message.

- November 19, 2021: Plaintiff sends follow-up notice by mail, e-mail. Plaintiff counsel may call class members to ensure forms were received.

- December 20, 2021: Deadline to return consent forms.

\*        \*        \*

For the foregoing reasons, the Court **DENIES** the Motion for Reconsideration, DENIES the request for interlocutory appeal, and **ORDERS** notice to potential collective action members according to the timeline above.

Signed on October 6, 2021.

Keith P. Ellison
United States District Judge