United States District Court
Southern District of Texas
**ENTERED**
September 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOYDA ALVAREZ, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-01933 |
| NES GLOBAL LLC | § § | |
| *Defendant.* | § § | |

## MEMORANDUM & ORDER

On December 29, 2023, this Court entered its Memorandum and Order granting Plaintiffs' Partial Motion for Summary Judgment and granting in part and denying in part Defendant's Motion for Summary Judgment ("Summary Judgment Order"). *See* ECF No. 127. As part of its decision, this Court held that Defendant's pay policy did not pass the salary basis test—one of the three required elements the Department of Labor ("DOL") has said must be met for the bona fide executive exemption to the Fair Labor Standards Act of 1938 (the "FLSA") to apply. *Id*. at 3-6. In that same order, this Court declined to address Defendant's argument that the promulgation of the salary basis requirement exceeded DOL's authority, finding that the argument was not properly before the Court. *Id*. at 15, n. 2. Before the Court now is Defendant's Motion for New Trial or to Alter or Amend the Judgment (ECF No. 150). Having reviewed the parties' arguments and applicable law, the Court writes to clarify its Memorandum and Order (ECF No. 127) and deny Defendant's Motion for New Trial or to Alter or Amend the Judgment (ECF No. 150).

1

## I. BACKGROUND

In June 2020, Plaintiff Loyda Alvarez, individually and on behalf of all others similarly situated, filed the present action against NES, seeking unpaid overtime compensation and damages pay pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (the "FLSA") and the New Mexico Minimum Wage Act (the "NMMWA"). Under the FLSA, employers generally must pay their employees overtime for work in excess of 40 hours per week. 29 U.S.C. §207(a)(1). This requirement does not apply to any "employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. §213(a)(1) (the "EAP Exemption"). The EAP exemption is not defined in the statute, but Congress authorized the DOL to "define and delimit" its meaning. *Id*. Pursuant to this delegation of authority, the DOL has issued regulations defining the EAP exemption through the promulgation of the salary basis, salary level, and duties tests. *See* 29 C.F.R. pt 541.

The Court granted Plaintiffs' Motion for Certification in August 2021. *See Alvarez v. NES Glob. LLC*, No. 4:20-CV-1933, 2021 WL 3571223 (S.D. Tex. Aug. 11, 2021), *reconsideration denied*, No. 4:20-CV-01933, 2021 WL 4593985 (S.D. Tex. Oct. 6, 2021). The collective is defined as: all individuals employed by or working on behalf of Defendant who were paid a day rate with no overtime compensation in the past three years. *Id.* at *1. In total, 85 individuals filed Notices of Consent to join the collective who have not subsequently filed a Withdrawal of Consent (together with Alvarez, collectively "Plaintiffs"). *See* ECF Nos. 1-2, 11, 65–74 (Notices of Consent); ECF Nos. 95–96, 99, 101 (Notices of Withdrawal).

Both parties moved for summary judgment, with Plaintiffs arguing that they are not exempt from overtime payments because Defendant does not pay them on a salary basis. *See* ECF Nos. 109, 110. In their Response to Plaintiffs' Motion for Summary Judgment (ECF No. 122), Defendant—for the first time—raised arguments that DOL's authority to "define and delimit" the meaning of the EAP exemption via the salary basis test exceeded DOL's proper scope of authority. ECF No. 122 at 27-35. The Court declined to address these arguments, finding that they were not properly before the Court. *See* ECF No. 150 at 15, n. 2.

In its Summary Judgment Order (ECF No. 127), the Court found that Plaintiffs were not exempt employees because Defendant's compensation structure did not satisfy the salary basis test under either 29 C.F.R. §§ 541.602(a) or 541.604(b). Accordingly, the Court ruled that Defendant is not entitled to an exemption defense as a matter of law, and that Defendant misclassified Plaintiffs as exempt employees. However, based on findings that Defendant's violations of the FLSA were not willful and were in good faith, the Court declined to award Plaintiffs liquidated damages and held that the FLSA's default two-year statute of limitations period applies to Plaintiffs' claims.

Defendant now moves for a new trial or to alter or amend the judgment, arguing that this Court erred in finding that their arguments were not properly before the Court. Defendant re-raises their argument in light of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo* 144 S. Ct. 2244 (2024), contending that (1) Congress' delegation of authority to the Department of Labor ("DOL") to "define and delimit" the EAP Exemption was an unconstitutional delegation of powers un-guided by an intelligible principle and (2) even in the case that Congress' conferral of authority *was*

3

constitutional, DOL's creation of the salary basis requirements exceeds the authority granted to them by Congress.

## II. LEGAL STANDARD

In the Fifth Circuit, a motion filed within twenty-eight days after the entry of a judgment asking the court to amend that judgment is normally considered under Rule 59(e). *Reed v. Marshall*, No. H-21-3942, 2024 WL 1468702, at *6 (S.D. Tex. Apr. 4, 2014) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam), cert. denied, 571 U.S. 816 (2013)). Such a motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Therefore, it "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). It may also be raised when "there has been an intervening change in the controlling law." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). "Changing an order or judgment under Rule 59(e) is an 'extraordinary remedy' that courts should use sparingly." *Ekhlassi v. Nat'l Lloyds Ins. Co.*, No. H-17-1257, 2018 WL 1316742, at *1 (S.D. Tex. Mar. 14, 2018) (Rosenthal, J.) (quoting *Templet*, 367 F.3d at 479). Accordingly, courts have "considerable discretion in addressing a motion for reconsideration." Id. (internal quotation omitted).

## III. DISCUSSION

Before the Court can reach the merits of Defendant's delegation of authority claims, it must determine whether it erred in its Memorandum and Order (ECF No. 127). Defendant had previously raised these arguments for the first time before the Court in its Response to Plaintiffs' Motion for Summary Judgment. (ECF No. 122) three years after the case was filed. In its Memorandum and Order, this Court disposed of those arguments, holding that:

> In a seemingly last-ditch effort to evade the application of § 604(b) to the instant case, Defendant also urges the Court to invalidate the salary basis requirement (or, at minimum, the reasonable relationship portion of the requirements) "as exceeding the DOL's authority to 'define[] and delimit[]' the FLSA's White-Collar exemptions." ECF No. 122 at 35. Defendant raises this argument for the first time in the three-plus years this litigation has been ongoing in its Response to Plaintiffs' Motion for Partial Summary Judgment. See ECF No. 122 at 35-43. Though skeptical of Defendant's argument, the Court refrains from reaching the merits, as the issue is not properly before the Court. *See, e.g., Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint [here, answer] but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *U.S. Bank Nat'l Ass'n as Tr. for Registered Holders of Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2005-4 v. Richardson*, No. 3:17-CV-2271-L, 2019 WL 1115059, at *5 (N.D. Tex. Mar. 11, 2019) (declining to consider defendants' argument raised for the first time in response to plaintiff's summary judgment motion and without leave to amend pleadings).

ECF No. 127 at 15, n. 2.

Defendant argues that the Court erred in deeming this argument waived, and that the cases cited are inapposite. The Court recognizes that the cases cited are inapposite[1], but finds that no legal error occurred when it chose to consider Defendant's arguments as waived. While Fed. R. Civ. P. 8(c) requires that an affirmative defense be set forth in a

---

[1] Defendant is correct that the Court's support for its original dismissal of the claim relies on cases where the party raising the claim at issue was either a plaintiff pleading a new claim (*Cutrera*) or relied on unique circumstances in which the counterclaim or defense had been raised and dismissed with prejudice by the court (*Richardson*)—the Fifth Circuit applies different rules to these parties when concerning waiver of affirmative arguments.

5

defendant's responsive pleading[2], the Fifth Circuit has consistently held that noncompliance with that rule can be excused if the defendant raises the issue at a "pragmatically sufficient" time and the "plaintiff is not prejudiced in its ability to respond." *Giles v. GE*, 245 F.3d 474, 491-492 (5th Cir. 2001); *See Vanhoy v. United States*, 514 F.3d 447, 450-51 (5th Cir. 2008) (holding affirmative defense not waived where it was raised for the first time in pretrial motions three months before trial); *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (rejecting waiver argument where issue was raised for first time at summary judgment because plaintiff availed itself of a fourteen-month "ample period" to file three responsive memoranda to the summary-judgment motion and was not prejudiced in its ability to respond to the issue). *Accord Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981) ("Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise").

However, while this Court now acknowledges that noncompliance with Rule 8(c) "is not fatal," the Court still maintains discretion in deciding to consider a defense raised after an initial answer. *See, e.g., Smith v. Travelers Casualty Ins. Co. of Am.*, 932 F.3d 302, 309-10 (5th Cir. 2019) (affirming that it is a district court's decision to consider affirmative defenses raised in amended answers). Indeed, while the Fifth Circuit has held

---

[2] Defendant briefly argues that their arguments regarding DOL's authority were not affirmative defenses. Rather, Defendant argues that those arguments were created in furtherance of Defendant's expressly pleaded defense that the Plaintiffs were exempt from FLSA's overtime requirement. ECF No. 150 at 6. *See* ECF No. 8 at 23, Defense No. 5. Not so. Defendant cites to Defense No. 5 in its original response—but that defense argued that it "paid Plaintiff a guaranteed weekly salary plus additional compensation paid on a daily basis, as permitted by 29 C.F.R. § 541.604." ECF No. 8 at Defense No. 5. Defendant's argument was not that the regulation is invalid, but rather that it complied with the regulation. *Id.* Indeed, the argument that Defendant asserts now is not a related element of an existing defense, but is rather a new, affirmative defense.

that noncompliance with Rule 8(c) does not bar a district court from considering affirmative defenses that would have been otherwise waived, it does not compel a court to do so in every instance. "Courts have discretion" to excuse noncompliance with Rule 8(c) if that noncompliance did not subject the plaintiff to unfair surprise, but they also have discretion to remedy noncompliance by deeming a defense waived. *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 467 (E.D. La. 2007). *See Collett v. Weyerhaeuser Co.*, No. 19-11144, 2020 U.S. Dist. LEXIS 217324 (E.D. La. Nov. 19, 2020).

In the instant case, the Court has ample evidence to find that Defendant's affirmative defenses were not raised in a pragmatically sufficient time and would be prejudicial to the Plaintiffs if the Court did not find the arguments waived pursuant Rule 8(c). Indeed, Defendant failed to raise its affirmative defenses at any point during the three years the litigation had been ongoing before it's Response to Plaintiffs' Motion for Summary Judgment. ECF No. 122. Defendant did not raise it in its pleadings, discovery, or its own summary judgment briefing. *See, e.g.,* ECF No. 8; ECF No. 29-1; ECF No. 110.[3] Instead, Defendant's timing made it so Plaintiffs' ability to address the claims were circumscribed by the practicalities of a reply brief that needed to address two other substantive, existing issues. Defendant's arguments are pure questions of laws, raising significant delegation concerns—Plaintiffs' concerns regarding their capacity to respond to this last-minute claim in an already short briefing is certainly understandable. *See* ECF No. 125 at 8. Additionally, at the time of filing, Defendant raised this affirmative defense approximately two months prior to the date of the jury trial—leaving little time for adequate supplemental briefing for an issue that could have been raised in the years prior.

---

[3] At the time that the new affirmative defenses were raised, discovery in the case had been completed. *See* ECF No. 97; Minute Entry for Proceedings Held on 8/31/2023. Raising new arguments after the completion of discovery is particularly troubling when considering the fairness of Defendant's timing.

Contrary to cases where district courts have used their discretion to find that noncompliance with Rule 8(c) was not fatal to an affirmative defense, Defendant's affirmative defenses here were both untimely and would have been prejudicial to the Plaintiffs. *Buchanan v. Harris*, No. 23-20128, 2024 U.S. App. LEXIS 10747 at *10 (5th Cir. May 2, 2024) (emphasizing the propriety of a district court decision to find an affirmative defense was not waived where the defense was raised shortly after answers and before a trial date was set). Considering Defendant's violation of Rule 8(c) and the prejudice that Plaintiffs would sustain otherwise, this Court finds that it did not err by considering Defendant's affirmative defenses as waived in its Memorandum and Order (ECF No. 127).

Moreover, even assuming *arguendo* that the affirmative defenses were properly raised, Defendant's arguments also fail on the merits considering the Fifth Circuit's recent decision in *Mayfield v. United States DOL*. No. 23-50724, 2024 U.S. App. LEXIS 23145 (5th Cir. Sep. 11, 2024). There, the circuit court ruled on the constitutionality of the salary *level* test post-*Loper Bright*, holding that (1) Congress's conferral of authority to the DOL to "define and delimit" the meaning of an "employee employed in a bona fide executive, administrative, or professional capacity" is guided by an intelligible principle and (2) the DOL did not exceed its authority in creating the salary level test. *Mayfield,* 2024 U.S. App. LEXIS 23145 at *11-14, *19.

Defendant attempts to distinguish the Fifth Circuit's decision in *Mayfield,* arguing that the Circuit's decision only narrowly applies to the salary level test, not the salary basis test. It is important here to clarify the relationship between the salary level test (that the plaintiff in *Mayfield* was concerned with) and the salary basis test (what the instant

8

case is concerned with). The Secretary of Labor has laid out three distinct criteria that must be satisfied for the EAP Exemption to apply. *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 45 (2023). First is the "salary basis" test, where that "an employee can be a bona fide executive only if he receives a 'predetermined and fixed salary'—one that does not vary with the precise amount of time he works." *Id*. "The second element is the 'salary level' test which requires that an employee's "preset salary" exceeds a specified amount. *Id*. Third, the job duties test assesses the employee's job responsibilities. *Id*. One must first satisfy the salary basis test to reach the salary level test—indeed, the question of the amount of a preset salary does not become relevant to the DOL's analysis until it is determined whether an employee is paid by a pre-set salary at all. *See Venable v. Smith Int'l, Inc.*, No. 22-30227, 2024 U.S. App. LEXIS 22468 at *6 (5th Cir. Sep. 4, 2024) In this way, the salary level test *encompasses* the salary basis test. It is precisely for that reason why Defendant's attempt to distinguish *Mayfield* falls flat.

The Court will first address Defendant's argument that Congress' delegation of authority to the DOL failed to provide an intelligible principle by which the DOL was directed to conform. Analyzing 29 U.S.C. § 213(a)(1), the Fifth Circuit held that:

> Here, as the district court correctly noted, there are at least two principles that guide and confine the authority delegated to DOL: the FLSA's statutory directive to eliminate substandard labor conditions that are detrimental to the health, efficiency, and general wellbeing of workers, 29 U.S.C. § 202(a), (b), and the text of the Exemption itself, *id.* § 213(a)(1). The guidance provided by these provisions is admittedly not straightforward, and the boundaries it delineates are neither clear nor uncontroversial. But as the Supreme Court has said, the existing standard is not demanding. *Gundy*, 588 U.S. at 146. Under that standard, both the FLSA's purpose and the text of the Exemption itself provide at least *some* guidance for how DOL can exercise its authority. Therefore, they are each independently sufficient to satisfy the nondelegation doctrine's requirements . . . So while the FLSA's purpose speaks to *what* workers should be protected from, it nevertheless guides and limits DOL's authority to enact a rule determining *which* workers require protection. So too with the text of the

> Exemption itself. The words "executive," "administrative," and "professional" each have meaning. That meaning both guides and limits DOL's power to "define[] and delimit[]" them. DOL can enact rules that clarify the meaning of those terms or, as in the case of the Minimum Salary Rule, impose *some* limitations on their scope. By contrast, DOL cannot enact rules that replace or swallow the meaning those terms have.

*Mayfield,* 2024 U.S. App. LEXIS 23145 at *19.

Notably, the source of delegation for the salary level test is from the exact same source as the salary basis test. The Fifth Circuit has clearly held that the delegation that governs both tests is guided by an intelligible standard.

Next, the Court turns to Defendant's argument that the DOL's imposition of the salary basis text exceeds the authority that was conferred upon them. *Mayfield* resolves this claim as well, holding that imposing the salary level rule "is within the scope of [the DOL's] authority." *Mayfield,* 2024 U.S. App. LEXIS 23145 at *11. While the issue in *Mayfield* is centered around the salary level test, their decision focuses on whether the delegation of authority captured in 29 U.S.C. § 213(a)(1) allows the DOL to constitutionally promulgate rules that define what it means to work in an executive, administrative, or professional capacity *by salary*. Both the salary level and salary basis tests do so, and as such, the decision applies with equal force to the instant case.

Finally, Defendant argues that while the *Mayfield* decision confirms that the DOL could add additional characteristics to the EAP exemption "consistent with the power to define and delimit," that discretion is limited by the requirement that such additional characteristics must bear a "rational relationship" to the text and purpose of the statute. Defendant attempts to argue that requiring executive, administrative, or professional employees be compensated in any specific way (which includes the salary basis test) has "no relationship to, much less a 'rational relationship' to the text and purpose of the Fair

10

Labor Standards Act." ECF 155 at 5. However, the Fifth Circuit's decision is responsive to this point as well and argues that "using salary as a proxy for EAP status is a permissible choice because…the link between the job duties identified and salary is strong." *Mayfield,* 2024 U.S. App. LEXIS 23145 at *13. Indeed, the same logic regarding the link between salary basis and EAP status applies here. Whether an employee receives a predetermined and fixed salary has a strong connection to the types of jobs that the EAP exemption is meant to cover. *Id.* ("As DOL correctly points out, the terms in the EAP Exemption, particularly "executive," connote a particular status or level for which salary may be a reasonable proxy…[u]sing salary as a proxy for EAP status is a permissible choice because, as we have explained, the link between the job duties identified and salary is strong"). *See also Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 45 (2023). The Fifth Circuit's decision thus extends to the salary basis test as well and determines that the salary basis test definitively bears a rational relationship to the text and purpose of the FLSA.[4]

Defendant's claims are unavailing, and Defendant's Motion for New Trial or to Alter or Amend the Judgment must be denied.

---

[4] Defendant also briefly argues that Congress did not intend the way employees receive their pay to determine whether they are exempt, citing for support Congress' specific requirements for the manner of payment in other statutes. That argument is inapposite, and the Fifth Circuit resolves this as well: "even if Congress acted intentionally by omitting a salary requirement from the EAP Exemption, that does not mean that the power it conferred excludes the option of imposing the requirement." *Mayfield,* 2024 U.S. App. LEXIS 23145 at *14.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for New Trial or to Alter or Amend the Judgment (ECF No. 150).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 26th day of September 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE